## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| PRISCILLA DOLCE, MILLETTE TERRELL, ELLA SCHROEDER and CIERA COMBS, on behalf of themselves and all other similarly situated individuals, | : : : : : : | |
| | : | Civil Action No.: 1:23-cv-2092 |
| Plaintiffs, | : : | Judge: |
| v. | : : | **JURY DEMANDED** |
| THE ONE GROUP HOSPITALITY, INC. dba KONA GRILL | : : : | |
| Defendant. | : | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Priscilla Dolce, Millette Terrell, Ella Schroeder, and Ciera Combs (collectively "Named Plaintiffs") bring this action on behalf of themselves and all current and former similarly situated employees who worked for Defendant The ONE Group Hospitality, Inc. *dba* Kona Grill or any of its subsidiaries ("Defendant") anywhere in the United States, at any time within the period of three (3) years preceding the filing of Named Plaintiffs' Motion for nationwide Court Supervised Notice through the date of judgment and who: (i) earned less than the applicable federal minimum wage rates per hour and were subject to a tip-credit; (ii) were paid at a rate below the relevant federal minimum wage; and/or (iii) were required to participate in a tip pooling arrangement that takes their tips received and pays them to non-customarily and regularly tipped employees. Named Plaintiffs bring this action to recover unpaid minimum wages, unlawfully retained tips, liquidated damages, treble damages, penalties, interest, and other damages, as well as attorneys' fees and costs, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

The Named Plaintiffs also bring the following state wage claims pursuant to Fed. R. Civ. P. 23:

\* The Arizona Fair Wages and Healthy Families Act, A.R.S. §§ 23-350 *et seq.* ("FWHFA") and the Arizona Minimum Wage Act, A.R.S. §§ 23-362 *et seq.* ("AMWA") (collectively, the "Arizona Acts");

\* O.C.G.A. § 34-4 *et seq.* ("Georgia Wage Act");

\* Idaho Code §§ 44-1502 *et seq.* ("Idaho Wage Act"); and,

\* Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), O.R.C. §§ 4111 *et seq.*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, the Ohio Constitution, Art. II Section 34a (collectively, the "Ohio Wage Acts"), O.R.C. § 2307.60, and the Ohio common law for unjust enrichment.

Named Plaintiffs assert their FLSA claims on behalf of themselves and all current and former similarly situated employees of Defendant (collectively "Plaintiffs") pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## I.    INTRODUCTION

1.    This is an action to recover liquidated damages, and other applicable penalties brought pursuant to the FLSA and class actions pursuant to the state laws of Ohio, Arizona, Idaho, and Georgia under Fed. R. Civ. 23 to recover unpaid wages, liquidated damages, and other applicable penalties.

2.    Plaintiffs are similarly situated persons who have worked for Defendant Kona Grill at any time during the relevant time period(s) and have been subjected to an invalid tip pool and have not been paid the correct amount of minimum wage in violation of state and federal law.

3.    Defendant's companywide practice is to regularly pay Plaintiffs a tipped hourly wage less than the statutory $7.25 per hour federal minimum wage and the relevant state minimum wage and rely on the "tip credit" provisions of the FLSA and relevant state wage laws to satisfy their minimum wage obligations. However, Defendant:

a. Has several locations that require Plaintiffs to participate in a tip pooling arrangement that takes their tips and pays them to non-customarily and regularly tipped

2

employees and to Defendant's management and supervisory employees, in violation of the FLSA, resulting in Defendant's unjust enrichment at the Plaintiffs' expense;

    b. pays Plaintiffs below the relevant state minimum wages when not utilizing a tip credit; and

    c. applies a tip-credit to Plaintiffs' pay even when they perform work that directly supports tip-producing work for a substantial amount of time that exceeds either twenty percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes.

4. Plaintiffs seek to recover unpaid minimum wages, unlawfully retained tips, liquidated damages, treble damages, penalties, interest, and other damages, as well as attorneys' fees and costs, that Defendant owes to them and has failed to pay, in violation of 29 U.S.C. § 207 of the FLSA, the Ohio Wage Acts, the Arizona Acts, the Idaho Wage Act, and the Georgia Wage Act.

5. Accordingly, Named Plaintiffs bring this action on behalf of themselves and all current and former similarly situated employees who worked for Defendant at any time within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgment and who: (i) earned less than the applicable federal and state minimum wage rates per hour and were subject to a tip-credit; and (ii) were paid at a rate below the relevant federal and state minimum wage (hereinafter, the "Employees Entitled to Notice"). Plaintiffs bring this action to recover unpaid wages, unlawfully retained tips, and related damages.

6. Named Plaintiffs also pray that all similarly situated current and former employees ("Employees Entitled to Notice") be promptly notified of the pendency of this action pursuant to Section 216(b) to apprise them of their rights and provide them an opportunity to opt into this lawsuit.

## II.    JURISDICTION AND VENUE

7.   The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

8.   This Court has supplemental jurisdiction over Plaintiffs' additional state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiffs' and the claims under the FLSA that they form part of the same controversy.

9.   Venue in the District of Colorado is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's headquarters is located here.

## III.    THE PARTIES

10. Plaintiff Priscilla Dolce ("Plaintiff Dolce") was employed by Defendant in Columbus, Ohio during the relevant time periods. Plaintiff Dolce has not been paid the correct amount of minimum wage in violation of the FLSA and the Ohio Wage Acts. Plaintiff Dolce's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A.**

11. Plaintiff Millette Terrell ("Plaintiff Terrell") was employed by Defendant in Alpharetta, Georgia during the relevant time periods. Plaintiff Terrell has not been paid the correct amount of minimum wage in violation of the FLSA and the Georgia Wage Act. Plaintiff Terrell's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit B.**

12. Plaintiff Ella Schroeder ("Plaintiff Schroeder") was employed by Defendant in Meridian, Idaho during the relevant time periods. Plaintiff Schroeder has not been paid the correct amount of minimum wage in violation of the FLSA and the Idaho Wage Act. Plaintiff Schroeder's consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit C**.

13. Plaintiff Ciera Combs ("Plaintiff Combs") was employed by Defendant in Scottsdale, Arizona during the relevant time periods. Plaintiff Combs has not been paid the correct amount of minimum wage in violation of the FLSA and the Arizona Acts. Plaintiff Combs' consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit D**.

14. Plaintiff Dolce, Plaintiff Terrell, Plaintiff Schroeder, and Plaintiff Combs will be collectively referred to as "Named Plaintiffs."

15. The Employees Entitled to Notice are those current and former employees who were employed by Defendant Kona Grill or any of its subsidiaries anywhere in the United States at any time within the period of three (3) years preceding the filing of Named Plaintiffs' Motion for Court Supervised Notice through the date of judgment and have been subjected to the same illegal pay system under which they worked and were paid.

16. Named Plaintiffs and the similarly situated Employees Entitled to Notice will be collectively referred to as "Plaintiffs."

17. The Ohio Class Members are those current and former employees who were employed by Defendant in Ohio at any time within the period of three (3) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice through the date of judgment and have been subjected to the same illegal pay system under which Plaintiff Dolce worked and was paid.

18. The Arizona Class Members are those current and former employees who were employed by Defendant in Arizona at any time within the period of three (3) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice through the date of judgment and have been subjected to the same illegal pay system under which Plaintiff Combs worked and was paid.

19. The Idaho Class Members are those current and former employees who were employed by Defendant in Idaho at any time within the period of three (3) years preceding the filing of Plaintiffs'

Motion for Court Supervised Notice through the date of judgment and have been subjected to the same illegal pay system under which Plaintiff Schroeder worked and was paid.

20. The Georgia Class Members are those current and former employees who were employed by Defendant in Georgia at any time within the period of three (3) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice through the date of judgment and have been subjected to the same illegal pay system under which Plaintiff Terrell worked and was paid.

21. Defendant The ONE Group Hospitality, Inc. *dba* Kona Grill is a foreign limited liability company registered in the state of Delaware and is currently headquartered in Denver, Colorado. Process may be served upon its registered agent, The Corporation Trust Company, which can be served at Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

## IV.    STATEMENT OF FACTS

22. During all times material to this Complaint, Defendant was an "employer" within the meaning of the FLSA and the relevant state wage laws.

23. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

24. During all times material to this Complaint, Plaintiffs have been Defendant's employees pursuant to the FLSA and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

25. Plaintiffs are current and former employees who worked for Defendant at any time within the period of three (3) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice through the date of judgment and who (i) earned less than the applicable federal and state minimum wage rates per hour and were subject to a tip-credit; and (ii) were paid at a rate below the relevant federal and state minimum wage.

26. Upon information and belief, Defendant utilizes common pay policies and practices which commonly apply to all their employees, anywhere in the United States, regardless of establishment location.

27. At all material times, Defendant pays and has paid Plaintiffs an hourly wage at a rate below the federal minimum wage of $7.25 per hour, and below the relevant state minimum wage.

28. Plaintiff Dolce was employed by Defendant as a Bartender and Server in Columbus, Ohio from approximately January 2023 to May 2023.

29. Due to Defendant's common pay practices and policies, Plaintiff Dolce has had improper deductions applied to her wages, has been paid at the incorrect rate of pay, and has not been paid all wages due within the time frame required under state and federal law.

30. Plaintiff Terrell was employed by Defendant as a Server in Alpharetta, Georgia from approximately June 2022 to October 2022.

31. Due to Defendant's common pay practices and policies, Plaintiff Terrell has had improper deductions applied to her wages, has been paid at the incorrect rate of pay, and has not been paid all wages due within the time frame required under state and federal law.

32. Plaintiff Schroeder was employed by Defendant as a Server in Meridian, Idaho from approximately July 2022 until May 2023.

33. Due to Defendant's common pay practices and policies, Plaintiff Schroeder has had improper deductions applied to her wages, has been paid at the incorrect rate of pay, and has not been paid all wages due within the time frame required under the state and federal law.

34. Plaintiff Combs was employed by Defendant as a Server in Scottsdale, Arizona from approximately March 2022 until May 2022.

35. Due to Defendant's common pay practices and policies, Plaintiff Combs has had improper deductions applied to her wages, has been paid at the incorrect rate of pay, and has not been paid all wages due within the time frame required under the state and federal law.

36. Defendant Kona Grill employed (and continues to employ) other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

37. Moreover, Plaintiffs are similarly situated with respect to their pay structure and, as set forth above, the pay plan of Defendant which resulted in the complaint of FLSA and state law violations alleged herein.

38. Specifically, Defendants failed to properly utilize a tip credit, resulting in Plaintiffs receiving less than the federal and relevant state minimum wage while performing tip-supporting work in excess of twenty percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes while still having a tip credit applied to their hourly rates.

**Defendant's Improper Utilization of a Tip Credit**

39. Plaintiffs and the Employees Entitled to Notice spend a substantial amount of time performing work that directly supports tip-producing work ("tip-supporting work"); however, it is Defendant's companywide practice to still utilize a tip credit for the substantial time Plaintiffs perform tip-supporting work.

40. The tip-supporting work which Plaintiffs perform includes running trash to Defendant's dumpsters, restocking dishes and glasses, cleaning the coffee, tea, and soda machines, breaking down the expo lines, polishing wine glasses, polishing and rolling silverware, refilling condiments, among others.

41. Plaintiffs often perform tip-supporting work in excess of twenty percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes while still having a tip credit applied to their hourly rates.

42. Upon information and belief, Defendant has authority to hire and fire employees, determine employees' rates and method of payments, operate under pay practices and policies, maintain employees' employment records, and supervise and control employees' work schedules or conditions of employment to a substantial degree.

43. Upon information and belief, Defendant's companywide policies and procedures with regard to how Plaintiffs were paid were created, implemented, and enforced by the same individual(s).

44. Defendant, knowingly, willfully, or with reckless disregard carried out their illegal, common compensation practices and policies with respect to Plaintiffs.

**Facts as to the Sub-Class Tip Pool Violation Claim**

45. Upon information and belief, Defendant has various locations throughout the United States that have a policy and practice of requiring Plaintiffs to contribute a portion of the tips they receive from customers to a tip pool that is distributed to other employees.

46. The individuals who receive a portion of the tip pool includes non-customary and regularly tipped employees.

47. Specifically, Defendant has various locations throughout the United States that requires their Sushi Chefs to participate in the mandatory tip pool.

48. These Sushi Chefs work in kitchens in the back of the restaurant and prepare sushi out of sight from customers. It is not the Sushi Chef's job to engage with customers, but to prepare food in the kitchen, away from customers. Any rare and unusual interaction the Sushi Chefs had with customers was and is nothing more than incidental.

49. These duties do not compare to those of servers, bus persons, food runners, or hosts, who interact with customers on a much more frequent basis.

50. Because Defendant's Sushi Chef's do not prepare Sushi in front of customers and have no interaction with them, they do not provide a "service" to customers in a way that warrants a share of the gratuity left by customers.

51. Remitting tips to other employees who are non-customary and regularly tipped is not voluntary; rather, it is a condition of employment and, therefore, mandatory.

52. Defendant has various locations throughout the United States with non-customary and regularly tipped employees who receive the benefit of these tips at the expense of Plaintiffs who earn tips.

## V.    CAUSES OF ACTION

### <u>COUNT I</u>
**(FLSA Violations for the FLSA Collective)**

53. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

54. Named Plaintiffs request that the Court issue Court Supervised Notice to the following nationwide group of current and former employees defined as:

> **All current and former tipped employees who worked for Defendant at any time within the period of three (3) years preceding the filing of Named Plaintiffs' Motion for Court Supervised Notice through the date of judgment who: (i) earned less than the applicable federal and state minimum wage rates per hour and were subject to a tip-credit; and/or (ii) were paid at a rate below the relevant federal and state minimum wage ("FLSA Collective").**

55. Named Plaintiffs seek Court Supervised Notice (the "Motion") to cover the period that would cover three years from the date they file their Motion for Court Supervised Notice and because the time difference between the date the Motion is filed and the date the Court will rule on issuing Court Supervised Notice will operate to foreclose some of the claims of the similarly situated FLSA Collective, Plaintiffs seek equitable tolling back to the date the Motion is filed.

56. Named Plaintiffs reserve the right to amend and refine the definition of the FLSA Collective they seek to have the Court supervise notice over based upon further investigation and discovery.

57. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r), the Ohio Wage Act, the Arizona Acts, the Idaho Wage Act, and the Georgia Wage Act.

58. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

59. During the respective periods of Named Plaintiffs' and the FLSA Collective's employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

60. In performing the operations hereinabove described, the Named Plaintiffs and the FLSA Collective have been engaged in commerce or in the production of goods for commerce within the

meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

61. Specifically, the Named Plaintiffs and the FLSA Collective are (or were) non-exempt employees of Defendant who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

62. At all times hereinafter mentioned, the Named Plaintiffs and the FLSA Collective are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

63. The proposed group of similarly situated current and former employees, i.e., the Named Plaintiffs and the FLSA Collective, Named Plaintiffs seek to have the Court send supervised notice to pursuant to 29 U.S.C. § 216(b), is defined above.

64. The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

65. Collective action treatment of the Named Plaintiffs and the FLSA Collective claims is appropriate because Named Plaintiffs and the FLSA Collective have been subjected to the common business practices and policies referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory minimum wages.

66. Named Plaintiffs and the FLSA Collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

67. Named Plaintiffs and the FLSA Collective have been similarly affected by Defendant's companywide violations of the FLSA in workweeks during the relevant time period, which amount to a single decision, policy, or plan.

68. Named Plaintiffs are similarly situated to the FLSA Collective and will prosecute this action vigorously on their behalf.

69. Named Plaintiffs intend to send notice to the FLSA Collective pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records.

70. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

71. Named Plaintiffs assert this claim on behalf of themselves and the FLSA Collective who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

72. Named Plaintiffs and the FLSA Collective are employees entitled to the FLSA's protections.

73. Defendant is an employer covered by the FLSA.

74. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C. § 206(a).

75. Employers may also only take a tip credit for work performed by a tipped employee that is part of the employee's tipped occupation. 29 C.F.R. § 531.56.

76. Employers may not take a tip credit for work performed by a tipped employee that directly supports tip-producing work when it is done for a substantial amount of time. *See* 29 C.F.R. § 531.56.

77. Here, through the companywide practice of utilizing a tip credit even when Named Plaintiffs and the FLSA Collective to perform work that directly supports tip-producing work for a substantial amount of time, Defendant has forfeited its right to utilize the tip credit in satisfying their minimum wage obligations.

78. As such, Defendant has violated the FLSA by failing to pay Named Plaintiffs and the FLSA Collective for all time worked at $7.25 per hour.

79. Named Plaintiffs and the FLSA Collective are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

80. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## <u>COUNT II</u>
### (FLSA Violations for the FLSA Collective Sub-Class)

81. Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

82. The Named Plaintiffs request that the Court issue Court Supervised Notice to the following nationwide sub-class of current and former employees defined as:

**All current and former tipped employees who worked for Defendant's at any of its locations where Sushi Chef's who prepare food out of sight of customers at any time within the period of three (3) years preceding the filing of Named Plaintiffs' Motion for Court Supervised Notice through the date of judgment who: (i) earned less than the applicable federal and state minimum wage rates per hour and were subject to a tip-credit; and/or (ii) were paid at a rate below the relevant federal and state minimum wage. ("FLSA Collective Sushi Sub-Class").**

83. Named Plaintiffs, Priscilla Dolce and Millette Terell, are members of the FLSA Collective Sushi Sub-Class.

84. Named Plaintiffs seek Court Supervised Notice ("the Motion") to cover the period of three years from the date they file their Motion for Court Supervised Notice. Plaintiffs seek equitable tolling back to the date the motion is filed because the time difference between the date the Motion is filed and the date the Court will rule on issuing Court Supervised Notice will operate to foreclose some of the claims of the FLSA Collective Sushi Sub-Class.

85. Named Plaintiffs reserve the right to amend and refine the definition of the FLSA Collective Sushi Sub-Class they seek to have the Court supervise notice over based upon further investigation and discovery.

86. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r), the Ohio Wage Act, the Arizona Wage Act, the Idaho Wage Act, and the Georgia Wage Act.

87. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

88. During the respective periods of Named Plaintiffs' and the FLSA Collective Sushi Sub-Class's employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

89. In performing the operations hereinabove described Named Plaintiffs and the FLSA Collective Sushi Sub-Class have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

90. Specifically, Named Plaintiffs and the FLSA Collective Sushi Sub-Class are (or were) non-exempt employees of Defendant who assisted clients, wherever they were from. 29 U.S.C. § 203(j).

91. At all times hereinafter mentioned, Named Plaintiffs and the FLSA Collective Sushi Sub-Class are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

92. The proposed group of similarly situated current and former employees, i.e., the FLSA Collective Sushi Sub-Class, that Named Plaintiffs seek to have the Court send supervised notice to pursuant to 29 U.S.C. § 216(b), is defined above.

93. The precise size and identity of the proposed FLSA Collective Sushi Sub-Class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

94. Collective action treatment of Named Plaintiffs and the FLSA Collective Sushi Sub-Class's claims is appropriate because they have been subjected to the common business practices and policies referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of the statutory minimum wages.

95. Named Plaintiffs and the FLSA Collective Sushi Sub-Class, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

96. Named Plaintiffs and the FLSA Collective Sushi Sub-Class have been similarly affected by Defendant's companywide violations of the FLSA in workweeks during the relevant time period, which amount to a single decision, policy, or plan.

97. Named Plaintiffs are similarly situated to the FLSA Collective Sushi Sub-Class will prosecute this action vigorously on their behalf.

98. Named Plaintiffs intend to send notice to the FLSA Collective Sushi Sub-Class pursuant to Section 216(b) of the FLSA. The names and addresses of the Tip Credit Class are available from

Defendant's records. Named Plaintiffs and the FLSA Collective Sushi Sub-Class are employees entitled to the FLSA's protections.

99. Defendant is an employer covered by the FLSA.

100.    The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C. § 206(a).

101.    While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

102.    Employers may not take a tip credit if they do not limit a mandatory tip pool to employees who customarily and regularly receive tips. *See* 29 U.S.C. § 203(m).

103.    Here, through the Defendant's practice of permitting non-customarily and regularly tipped employees to participate in a tip pool at some of its locations, Sushi Chefs who prepare food out of sight of customers**,** Defendant has forfeited their right to utilize the tip credit in satisfying their minimum wage obligations.

104.    As such, Defendant has violated the FLSA by failing to pay some Named Plaintiffs and the FLSA Collective Sushi Sub-Class for all time worked at $7.25 per hour.

105.    Employers may also only take a tip credit for work performed by a tipped employee that is part of the employee's tipped occupation. 29 C.F.R. § 531.56.

106.    Named Plaintiffs and the FLSA Collective Sushi Sub-Class are entitled to recover all unpaid minimum wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

107.    In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

<u>**COUNT III**</u>
**(Class Action Alleging Violations of the Ohio Wage Act)**

108.     Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

109.     The Ohio Class is defined as:

> **All current and former employees of Defendant Kona Grill or any of its subsidiaries, who worked at any of its location within the state of Ohio within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgment who earned less than the applicable Ohio state minimum wage ("Ohio Class" or "Ohio Class Members").**

110.     At all material times, Plaintiff Dolce (the "Ohio Named Plaintiffs") and the Ohio Class Members have been "employees" within the meaning of the Ohio Wage Act and the OPPA ("the Ohio Acts") and Section 34a of the Ohio Constitution ("Section 34a"). *See* O.R.C. § 4111.03(D)(3); OPPA, O.R.C. § 4113.15 (A).

111.     At all times relevant to this action, Defendant was a covered employer within the meaning of the Ohio Acts and Section 34a.

112.     The Ohio Named Plaintiff and the Ohio Class Members are not exempt from receiving compensation benefits under the Ohio Acts and Section 34a.

113.     At all times relevant to this action, Defendant violated the Ohio Acts by willfully refusing to pay the Ohio Named Plaintiff and the putative Ohio Class Members the then-applicable Ohio minimum wage (2023—$10.10 per hour; 2022—$9.30 per hour; 2021—$8.80 per hour; 2020—$8.70 per hour).

114.     The Ohio Named Plaintiff and the putative Ohio Class Members often spent more than twenty percent (20%) of their time performing tip-supporting work which includes running trash to the dumpster, restocking dishes and glasses, cleaning the coffee, tea, and soda machines, breaking

down the expo line, polishing wine glasses, polishing and rolling silverware, refilling condiments, among others.

115.    Specifically, Defendants failed to properly utilize a tip credit, resulting in the Ohio Named Plaintiff and the Ohio Class Members receiving less than the federal and relevant state minimum wage while performing tip-supporting work in excess of twenty percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes while still having a tip credit applied to their hourly rates.

116.    At all times relevant to this action, Defendant violated the Ohio Acts by willfully refusing to pay the Ohio Named Plaintiff and the putative Ohio Class Members all wages, including minimum wage, on or before the first day of each month for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and, on or before the fifteenth day of each month, for wages earned during the preceding calendar month as required by the Ohio Acts. O.R.C. § 4113.15.

117.    The Ohio Named Plaintiff and the Ohio Class Members were not paid all wages, including minimum wages within thirty (30) days of performing the work.

118.    The wages of the Ohio Named Plaintiff and the Ohio Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

119.    The Ohio Named Plaintiff and the Ohio Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions described herein; though Defendant is in possession and control of necessary documents and information from which Ohio Named Plaintiffs and the Ohio Class Members would be able to precisely calculate damages.

120.    In violating the Ohio Acts and Section 34a, Defendant acted willfully, without a good faith basis, and with reckless disregard of the Ohio Acts and Section 34a.

121.    Defendant lacked a good faith basis in the manner in which it paid the Ohio Named Plaintiffs and the putative Ohio Class Member and Defendant's violations of the Ohio Acts and Section 34a were willful.

122.    The Ohio Named Plaintiff and the Ohio Class Members are entitled to payment of their owed minimum wages, an additional two times their minimum wages, six percent (6%) of the wages or a minimum of $200.00, and attorney's fees and costs as a result of the violations of the Ohio Acts and Section 34a.

123.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant but is, upon information and belief, composed of more than 100 individuals.

124.    By its acts and omissions described herein, Defendant has willfully violated the Ohio Acts and Section 34a and the Ohio Named Plaintiff and the Ohio Class Members have been injured as a result.

125.    The Ohio Named Plaintiff brings their Ohio Acts and Section 34a claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendant who worked in Ohio at any time within the past three years preceding the date of Plaintiffs' filing of the Motion for Court Supervised Notice.

126.    Class action treatment of Plaintiff Dolce and the Ohio Class Member's claims is appropriate because all Rule 23's class action requisites are satisfied.

127.    The number of Ohio Class Members is so numerous that joinder of all class members is impracticable.

128.    Plaintiff Dolce's Ohio state-law claims share common questions of law and fact with the claims of the Ohio Class Members.

129.     Plaintiff Dolce is a member of the Ohio Class, her claims are typical of the claims of other Ohio Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Ohio Class Members.

130.     Plaintiff Dolce and her counsel will fairly and adequately represent the Ohio Class Members and their interests.

131.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

132.     Accordingly, the Ohio Class should be certified as defined above.

**COUNT IV**
**(Class Action Alleging Violations of the Arizona Acts)**

133.     Named Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

134.     The Arizona Class is defined as:

**All current and former tipped employees of Defendant Kona Grill or any of its subsidiaries, who worked at any of Defendant's locations within the State of Arizona within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgment who earned less than the applicable Arizona state minimum wage ("Arizona Class" or "Arizona Class Members").**

135.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Arizona Acts, A.R.S. § 23-350(3).

136.     At all times hereinafter mentioned, Plaintiff Combs (the "Arizona Named Plaintiff") and the Arizona Class Members have been employees within the meaning of the Arizona Acts, A.R.S. § 23-350(2).

137. At all times relevant to this action, Defendant violated the Arizona Wage Act by willfully refusing to pay the Arizona Named Plaintiff and the putative Arizona Class Members the then-applicable Arizona minimum wage (2023— $13.85 per hour; 2022--- $12.80 per hour; 2021 --- $12.15 per hour; 2020 --- $12.00 per hour).

138. The Arizona Named Plaintiff and the putative Arizona Class Members often spent more than twenty percent (20%) of their time performing tip-supporting work which includes running trash to the dumpsters, restocking dishes and glasses, cleaning the coffee, tea, and soda machines, breaking down the expo line, polishing wine glasses, polishing and rolling silverware, refilling condiments, among others.

139. Specifically, Defendants failed to properly utilize a tip credit, resulting in the Arizona Named Plaintiff and the Arizona Class Members receiving less than the federal and relevant state minimum wage while performing tip-supporting work in excess of twenty percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes while still having a tip credit applied to their hourly rates.

140. Defendant owes the Arizona Named Plaintiff and the Arizona Class Members wages, as defined in section 23-350(7) of the Acts, to compensate them for labor and services they provided to Defendant in furtherance of their job duties. *See* A.R.S. §23-350(7), 351(C).

141. The Arizona Named Plaintiff and other Arizona Class Members were not (and currently are not) exempt from receiving compensation benefits under the Arizona Acts.

142. The Plaintiff Combs, ("the Arizona Named Plaintiff") and the Arizona Class Members performed compensable work for Defendant, and Defendant violated the Arizona Wage Act by failing to pay Plaintiff Combs and the other Arizona Class Members the correct rates of compensation for all hours worked. *See* A.R.S. §§ 23-350(7), 351(C).

143.    The Arizona Named Plaintiff and the Arizona Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions described herein; though Defendant is in possession and control of necessary documents and information from which the Arizona Named Plaintiff would be able to precisely calculate damages.

144.    The Arizona Wage Act provides that the Arizona Named Plaintiff and the Arizona Class Members are entitled to recover treble, or three times, the amount of their unpaid wages. *See* A.R.S. § 23-355(A).

145.    In violating the Arizona Acts, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Arizona law.

146.    The proposed class of employees, i.e., putative class members sought to be certified pursuant to the Arizona Wage Act, is defined above.

147.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

148.    The Arizona Named Plaintiff brings her Arizona Wage Act claims as a class action pursuant to Fed. Civ. P. Rule 23 on behalf of all similarly situated individuals employed by Defendant to work in Arizona at any time within the past three years preceding the date of Plaintiffs' filing of the Motion for Court Supervised Notice.

149.    The number of Arizona Class Members is so numerous that joinder of all class members is impracticable.

150.    The Arizona Named Plaintiff's Arizona state-law claims share common questions of law and fact with the claims of the Arizona Class Members.

151.    The Arizona Named Plaintiff is a member of the Arizona Class, her claims are typical of the claims of the other Arizona Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

152.     The Arizona Named Plaintiff and her counsel will fairly and adequately represent the Arizona Class Members and their interests.

153.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

154.     Accordingly, the Arizona Class should be certified as defined above.

### COUNT V
**(Class Action Alleging Violations of the Idaho Wage Act)**

155.     Named Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

156.     The Idaho Class is defined as:

**All current and former tipped employees of Defendant Kona Grill or any of its subsidiaries, anywhere in the state of Idaho within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgment who earned less than the applicable Idaho state minimum wage ("Idaho Class" or "Idaho Class Members").**

157.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Idaho Wage Act. *See* Idaho Code § 44-1503.

158.     At all times hereinafter mentioned, Plaintiff Schroeder ("the Idaho Named Plaintiff") and the Idaho Class Members have been employees within the meaning of the Idaho Wage Act. *See* Idaho Code § 44-1503.

159.     At all times relevant to this action, Defendant violated the Idaho Wage Act by willfully refusing to pay the Idaho Named Plaintiff and the putative Idaho Class Members the then-applicable Arizona minimum wage (2023— $7.25 per hour; 2022--- $7.25 per hour; 2021 --- $7.25 per hour; 2020 --- $7.25 per hour).

160.     The Idaho Named Plaintiff and the putative Idaho Class Members often spent more than twenty percent (20%) of their time performing tip-supporting work which includes running trash to the dumpster, restocking dishes and glasses, cleaning the coffee, tea, and soda machines, breaking down the expo line, polishing wine glasses, polishing and rolling silverware, refilling condiments, among others.

161.     Specifically, Defendants failed to properly utilize a tip credit, resulting in Plaintiff Schroeder and the Idaho Class Members receiving less than the federal and relevant state minimum wage while performing tip-supporting work in excess of twenty percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes while still having a tip credit applied to their hourly rates.

162.     Defendant owes the Idaho Named Plaintiff and the Idaho Class Members wages, as defined in section 44-1503 of the Idaho Wage Act, to compensate them for labor and services they provided to Defendant in furtherance of their job duties. *See* Idaho Code § 44-1503.

163.     The Idaho Named Plaintiff and other Idaho Class Members were not (and currently are not) exempt from receiving compensation benefits under the Idaho Wage Act.

164.     The Idaho Named Plaintiff and the Idaho Class Members performed compensable work for Defendant, and Defendant violated the Idaho Wage Act by failing to pay Plaintiff Schroeder and the other Idaho Class Members the correct rates of compensation for all hours worked. *See* Idaho Code § 44-1502.

165.     The Idaho Named Plaintiff and the Idaho Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiff Schroeder would be able to precisely calculate damages.

166.    The Idaho Wage Act provides that Plaintiff Schroeder and the Idaho Class Members are entitled to recover treble, or three times, the amount of their unpaid wages. *See* Idaho Code § 44-1508 (incorporating available damages set forth in § 45-615).

167.    In violating the Idaho Acts, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Idaho law.

168.    The proposed class of employees, i.e., putative class members sought to be certified pursuant to the Idaho Wage Act, is defined above.

169.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

170.    The Idaho Named Plaintiff brings her Idaho Wage Act claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendant to work in Idaho at any time within the past three years preceding the date of Plaintiffs' filing of the Motion for Court Supervised Notice.

171.    The number of Idaho Class Members is so numerous that joinder of all class members is impracticable.

172.    The Idaho Named Plaintiff 's Idaho state-law claims share common questions of law and fact with the claims of the Idaho Class Members.

173.    The Idaho Named Plaintiff is a member of the Idaho Class, her claims are typical of the claims of the other Idaho Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

174.    The Idaho Named Plaintiff and her counsel will fairly and adequately represent the Idaho Class Members and their interests.

175.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class

members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

176.    Accordingly, the Idaho Class should be certified as defined above

## COUNT VI
### (Class Action Alleging Violations of the Georgia Wage Act)

177.    Named Plaintiffs incorporate by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

178.    The Georgia Class is defined as:

**All current and former tipped employees of Defendant Kona Grill or any of its subsidiaries, who worked at any of Defendant's locations within the state of Georgia within the period of three (3) years preceding the filing of Plaintiffs' Motion for Court Supervised Notice through the date of judgment who earned less than the applicable Georgia state minimum wage ("Georgia Class" or "Georgia Class Members").**

179.    At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Georgia Wage Act. *See* O.C.G.A. § 34-3-3.1(a)(2).

180.    At all times hereinafter mentioned, Plaintiff Terrell ("the Georgia Named Plaintiff") and the Georgia Class Members have been employees within the meaning of the Georgia Wage Act. *See* O.C.G.A. § 34-3-3.1(a)(1).

181.    All previous paragraphs are incorporated as though fully set forth herein.

182.    At all times relevant to this action, Defendant violated the Georgia Wage Act by willfully refusing to pay the Georgia Named Plaintiff and the putative Georgia Class Members the then-applicable Georgia minimum wage (2023— $7.25 per hour; 2022--- $7.25 per hour; 2021 --- $7.25 per hour; 2020 --- $7.25 per hour) *See* O.C.G.A. §34-4-3(C).

183.    The Georgia Named Plaintiff and the putative Georgia Class Members often spent more than twenty percent (20%) of their time performing tip-supporting work which includes running trash to the dumpsters, restocking dishes and glasses, cleaning the coffee, tea, and soda machines,

breaking down the expo line, polishing wine glasses, polishing and rolling silverware, refilling condiments, among others.

184.    Specifically, Defendants failed to properly utilize a tip credit, resulting in the Georgia Named Plaintiff and the Georgia Class Members receiving less than the federal and relevant state minimum wage while performing tip-supporting work in excess of twenty percent (20%) of the hours worked during their respective workweeks or for a continuous period of time that exceeds thirty (30) minutes while still having a tip credit applied to their hourly rates.

185.    Defendant owes the Georgia Named Plaintiff and the Georgia Class Members wages, as defined in section 34-4-6 of the Georgia Wage Act, to compensate them for labor and services they provided to Defendant in furtherance of their job duties. *See* O.C.G.A. § 34-4-6.

186.    The Georgia Named Plaintiff and other Georgia Class Members were not (and currently are not) exempt from receiving compensation benefits under the Georgia Wage Act.

187.    The Georgia Named Plaintiff and the Georgia Class Members performed compensable work for Defendant, and Defendant violated the Georgia Wage Act by failing to pay Plaintiff Terrell and the other Georgia Class Members the correct rates of compensation for all hours worked.

188.    The Georgia Named Plaintiff and the Georgia Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions described herein; though Defendant is in possession and control of necessary documents and information from which they would be able to precisely calculate damages.

189.    In violating the Georgia Acts, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Georgia law.

190.    The proposed class of employees, i.e., putative class members sought to be certified pursuant to the Georgia Wage Act, is defined above.

191.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

192.    The Georgia Named Plaintiff brings her Georgia Wage Act claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Defendant to work in Georgia at any time within the past three years preceding the date of filing of the Motion for Court Supervised Notice.

193.    The number of Georgia Class Members is so numerous that joinder of all class members is impracticable.

194.    The Georgia Named Plaintiff's Georgia state-law claims share common questions of law and fact with the claims of the Georgia Class Members.

195.    The Georgia Named Plaintiff is a member of the Georgia Class, her claims are typical of the claims of the other Georgia Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

196.    The Georgia Named Plaintiff and her counsel will fairly and adequately represent the Georgia Class Members and their interests.

197.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

198.    Accordingly, the Georgia Class should be certified as defined in above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter the following relief:

A.    For an Order sending Court Supervised Notice to the FLSA Collective and the FLSA Collective Sushi Sub-class as defined herein and requiring Defendant to

provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B.     For an Order certifying the Ohio Class as defined above and designating Plaintiff Dolce as the Class Representatives of the Ohio Class;

C.     For an Order certifying the Arizona Class as defined above and designating Plaintiff Combs as the Class Representative of the Arizona Class;

D.     For an Order certifying the Idaho Class as defined above and designating Plaintiff Schroeder as the Class Representative of the Idaho Class;

E.     For an Order certifying the Georgia Class as defined above and designating Plaintiff Terrell as the Class Representative of the Georgia Class; for an Order certifying the Rule 23 Classes, under Fed. R. Civ. P. 23, as define herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members;

F.     Expectation and damages for all missed payments taken from or applied to their pay;

G.     An order awarding them back pay equal to the amount of all retained tips for three (3) years preceding the filing of this Complaint to the present, plus an additional equal amount in liquidated damages;

H.     Awarding Plaintiff Dolce and the Ohio Class Members the sum of 6% of the total unpaid wages or $200.00 for each instance of failure to pay wages owed within thirty days, whichever is greater, pursuant to the Ohio Prompt Pay Act, § 4113.15(A);

I.     Awarding Plaintiff Dolce and the Ohio Class Members Compensatory and punitive damages under O.R.C. § 2307.60;

J.      Pre-judgment and post-judgment interest;

K.      A finding that Defendant has violated the FLSA.

L.      A finding that Defendant has violated the Ohio Wage Act, the Arizona Wage Act, the Idaho Wage Act, and the Georgia Wage Act.

M.      A finding that Defendant's violations of the FLSA and the relevant state laws are willful and not in good faith;

N.      A judgment against Defendant and in favor of the Plaintiffs for compensation for all unpaid and underpaid wages and tips that Defendant has failed and refused to pay in violation of the FLSA and the relevant state laws.

O.      Liquidated damages, and monetary penalties to the fullest extent permitted under the FLSA and relevant state laws.

P.      Treble damages permitted under Ohio state law, Arizona State Law, and Idaho State law.

Q.      Back wages and liquidated damages permitted under Georgia state law.

R.      A judgment against Defendant and in favor of Plaintiffs for restitution for all earned tips kept by Defendant and by which Defendant was unjustly enriched;

S.      An award of costs and expenses in this action, together with reasonable attorneys' fees and expert fees; and,

T.      Any other relief to which the Plaintiffs may be entitled.

Dated: August 17, 2023                          Respectfully submitted,

                                                BARKAN MEIZLISH DeROSE COX, LLP

                                                /s/ Robert E. DeRose
                                                Robert E. DeRose (OH Bar No. 0055214)
                                                4200 Regent Street, Suite 210
                                                Columbus, OH 43219
                                                Phone: (614) 221-4221
                                                Facsimile: (614) 744-2300

bderose@barkanmeizlish.com

**BRIAN G. MILLER CO., L.P.A.**
Adam L. Slone (OH Bar No. 0093440)
*Pro Hoc Vice Anticipated*
250 West Old Wilson Bridge Road
Suite 270
Worthington, Ohio 43085
Phone: (614) 221-4035
Fax: (614) 987-7841
als@bgmillerlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by jury on all of their claims.

/s/Robert E. DeRose
Robert E. DeRose